IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00390-BNB

JOHN MICHAEL BROADUS,

    Applicant,

v.

STEVE HARTLEY (Warden), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 29 2009

GREGORY C. LANGHAM
                  CLERK

## ORDER OF DISMISSAL

Applicant, John Michael Broadus, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Broadus initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in El Paso County District Court case number 98CR5098. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On March 9, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On March 24, 2009, Respondents filed their pre-answer response asserting that the instant action is barred by the one-year limitation period and that Applicant failed to exhaust state court remedies as to his

asserted claims. On April 10, 2009, Mr. Broadus filed a reply to the pre-answer response.

The Court must construe liberally the application and the reply filed by Mr. Broadus because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period. Because the Court will dismiss the action as time-barred, the Court will not address Respondents' remaining arguments for dismissal.

Mr. Broadus was convicted by a jury on May 25, 2000, in El Paso County District Court case number 98CR5098 on charges of first-degree assault causing serious bodily injury by use of a deadly weapon and reckless endangerment. He was sentenced as an habitual criminal to forty-eight years of imprisonment in the DOC. Judgment was entered on September 1, 2000. Mr. Broadus appealed from his conviction to the Colorado Court of Appeals, which on May 16, 2002, affirmed. *See People v. Broadus*, No. 00CA1889 (Colo. Ct. App. May 16, 2002) (not published). On October 7, 2002, the Colorado Supreme Court denied certiorari review. Mr. Broadus does not allege that he sought certiorari review in the United States Supreme Court.

On January 15, 2004, Mr. Broadus filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which the trial court denied on March 10, 2005. Mr. Broadus filed a notice of appeal. On December 20, 2007, the Colorado Court of Appeals affirmed the denial of the Colo. R. Crim. P. 35(c) motion.

See *People v. Broadus*, No. 05CA0813 (Colo. App. Dec. 20, 2007) (not published). He did not petition for certiorari review.

The register of actions reflects that on May 9, 2008, the trial court denied a motion titled "Defendants [sic] Motion to Withdraw Plea and Dismiss." *See* pre-answer response, ex. A at 10-11. However, the register of actions does not indicate when the motion was filed or whether Applicant appealed from the denial of the motion. The Court received the instant habeas corpus application for filing on February 18, 2009. Mr. Broadus signed the application on February 15, 2009, and indicates that he mailed the application to this Court on the same day. *See* application at 9, 9-3.

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Although Mr. Broadus did not file a petition for writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court denied certiorari review on October 7, 2002, to do so. *See* Sup. Ct. R. 13. Therefore, figuring from October 8, 2002, the day after the Colorado Supreme Court denied his certiorari petition, his conviction became final on January 6, 2003, when the time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

Mr. Broadus does not allege that unconstitutional state action prevented him from filing the instant action sooner, that he is asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or that he could not have discovered the factual predicate for his claims at the time he was convicted and sentenced. Therefore, the one-year limitation period began to run on January 7, 2003, the day after his conviction became final, and expired on January 7, 2004. The Colo. R. Crim. P. 35(c) postconviction motion that Mr. Broadus filed on January 15, 2004, did not toll the one-year limitation period because it

4

was filed eight days after the one-year limitation period expired  **See Clark v. Oklahoma**, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by [the Antiterrorism and Effective Death Penalty Act (AEDPA)] will toll the statute of limitations").  Mr. Broadus did not submit his application to this Court until February 15, 2009, over five years after the limitation period expired.  Therefore, the instant action is time-barred in the absence of some reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time.  **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998).  Simple excusable neglect is not sufficient to support equitable tolling.  **See Gibson v. Klinger**, 232 F.3d 799, 808 (10th Cir. 2000).  Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently.  **See Miller**, 141 F.3d at 978.  Finally, Mr. Broadus bears the burden of demonstrating that equitable tolling is appropriate in this action.  **See id.**

Mr. Broadus's argument for equitable tolling lacks merit.  The alleged failure of his appellate attorney to keep him informed of the status of his petition for certiorari review on direct appeal so that he could file a timely Colo. R. Crim. P. 35(c) motion cannot justify equitable tolling of the one-year limitation period because there is no federal constitutional right to postconviction review in the state courts.  **See Pennsylvania v. Finley**, 481 U.S. 551, 556-57 (1987).  Mr. Broadus fails to allege any

5

facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Broadus fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 28 day of April, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00390-BNB

John Michael Broadus
Reg No. 82190
Fremont Correctional Facility
P.O. Box 999
Cañon City, CO 81215-0999

John J. Fuerst
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/29/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk